UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 01-311 |
| DARRICK HAYES AND JAMES HAYES | SECTION: "J" |

**ORDER AND REASONS**

Before the Court is Defendant Darrick Hayes's ("Mr. Hayes") **Motion for Early Termination of Probation (Rec. Doc. 209)** and the Government's opposition thereto (Rec. Doc. 212). Defendant's motion was set for hearing on September 19, 2013. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Defendant's motion should be **DENIED** for the reasons set forth more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Defendant Darrick Hayes ("Mr. Hayes") was sentenced to 121 months incarceration to be followed by sixty months of supervised release for his violation of 21 U.S.C. § 846 (conspiracy to distribute more than fifty grams of crack) and 21 U.S.C. § 841(a)(1) (distribution of more than five, but less than fifty, grams of crack). Upon Mr. Hayes' successful Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Mr. Hayes' sentence was reduced by one month on April 15, 2008.

Mr. Hayes completed his term of incarceration and has currently

served almost forty of his sixty months of supervised release. In the years since his release from prison, Mr. Hayes states that he has done very well on supervised release, has paid his restitution and/or fines in full, has steady employment, successfully began a construction company, remains married, and has consented to modification of his terms of supervised release to add a search condition. Accordingly, Mr. Hayes moves the Court to grant the instant motion for early termination of his supervised release.

## PARTIES' ARGUMENTS

Mr. Hayes argues that, due to his exceptional performance on supervised release, he is entitled to early termination of his supervised release. The Government argues, however, that Mr. Hayes has merely satisfied the terms of his supervised release and does not present the Court with any exceptional circumstances on which to base the early termination of his supervised release. The government notes that, were the Court to terminate Mr. Hayes' supervised release early, it would essentially create two classes of defendants: (1) those who violate their supervised release and have it revoked, and (2) those who do not violate their supervised release and have it terminated early. Finally, the Government notes that, though Mr. Hayes makes mention of his wife's transfer to Houston, that is of no relevance because Mr. Hayes is already under supervision in that district.

## LEGAL STANDARD &  DISCUSSION

Under 18 U.S.C. § 3583(e)(1), the Court, after considering

certain factors laid out in 18 U.S.C. § 3553, may modify or terminate a term of supervised release at any time after a defendant has served one year of release. The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect. See 18 U.S.C. § 3553.

At his original sentencing, Mr. Hayes was found to have a criminal offense level of 31, which was later reduced to 29, and a criminal history category of II. He was found guilty of having engaged in a conspiracy, with his brother, to distribute crack cocaine, which is a serious crime. Further, while the Court is pleased that Mr. Hayes has turned his life around and recognizes the benefits of a crime-free life, the Court must agree with the Government's contention that Mr. Hayes does not present any extraordinary circumstances which would merit the termination of his supervised release. See Folks v. United States, 733 F. Supp. 2d 649, 651-52 (M.D.N.C. 2010) (holding that the mere passage of time does not justify early termination). Rather, Mr. Hayes is merely abiding by the terms of his supervised release, which is the expectation for all defendants. The Court urges Mr. Hayes to continue down the path he is on and allow his supervised release to quietly expire as it does in any situation wherein a defendant does not violate the terms of his supervised release.

Accordingly,

The Defendant's **Motion for Early Termination of Probation (Rec. Doc. 209)** is **DENIED**.

New Orleans, Louisiana this 20th day of September, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT COURT